IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMBER MACK, Individually and on behalf of all those similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.: _____<br>) |
| CVS CAREMARK CORP., CVS PHARMACY, INC., GEORGIA CVS PHARMACY, L.L.C., and DOES 1-100, | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

PLAINTIFF AMBER MACK ("Plaintiff"), individually and on behalf of all others similarly situated, hereby files this Complaint against DEFENDANTS CVS CAREMARK CORP., CVS PHARMACY, INC., GEORGIA CVS PHARMACY, LLC, and DOES 1-100 (collectively "Defendants") and for this cause of action states the following:

*Nature of the Claim*

1.      Plaintiff brings this action individually and on behalf of all others similarly situated – pursuant to the collective action provision of 29 U.S.C. § 216(b) – to redress Defendants' violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq.*, which have deprived Plaintiff and others similarly situated of their lawful wages.

2.  This action seeks unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### *Jurisdiction and Venue*

3.  This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.  Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

4.  Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5.  Plaintiff is a resident of Georgia and was employed by Defendants from August 2008 to November 2011 at Defendants' CVS stores located in Upper Riverdale, Georgia and McDonough, Georgia.

6.      Plaintiff is informed and believes, and based thereon alleges that Defendant CVS Caremark Corp. resulted from a merger occurring in or about March 2007 between CVS Corporation and Caremark Rx, Inc., is organized under the laws of the State of Delaware and has a corporate headquarters in Woonsocket, Rhode Island from which it directs operations and conducts business nationwide.

7.      Defendant CVS Pharmacy, Inc. is organized under the laws of the State of Rhode Island, is authorized to do business throughout the United States, has a corporate headquarters in Woonsocket, Rhode Island, from which it directs operations and conducts business, and its practices, policies, and other activities are controlled, directed, owned, or operated by Defendant CVS Caremark Corp.

8.      Plaintiff is informed and believes, and based thereon alleges that Defendant Georgia CVS Pharmacy, L.L.C. is a subsidiary division or other business entity that issues weekly paychecks to Plaintiff, is organized and existing under the laws of the state of Georgia, has a corporate headquarters in Woonsocket, Rhode Island, from which operations and business are conducted, and its practices, policies, and other activities are controlled, directed, owned, or operated by Defendant CVS Caremark Corp.

9.      The true names and capacities – whether corporate, associate, individual, or otherwise – of Defendants DOES 1-100 are unknown to Plaintiff,

who therefore sues these Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and actions referenced herein and thereby caused injuries and damages to Plaintiff and other similarly-situated individuals, as alleged herein. Plaintiff will amend or seek leave of Court to amend this Complaint – pursuant to Fed. R. Civ. P. 15 – to show their names and capacities once ascertained by Plaintiff.

10. At all times relevant to this action, Defendants operated "CVS" stores within this judicial district and nationwide, directly and through various divisions, subsidiaries, and affiliates, however constituted.

## *Factual Allegations*

11. At all times relevant to this action, Defendants were "employers" within the meaning of 29 U.S.C. § 203(d) and were not exempt from the overtime provisions of the FLSA.

12. At all times relevant to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because they had employees engaged in commerce and because their annual gross sales volume exceeds $500,000.

13. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing hereof. Defendants

employed Plaintiff as a pharmacy technician and lead pharmacy technician at Defendants' CVS stores.

14. At all times relevant to this action, Defendants classified pharmacy technicians and lead pharmacy technicians, including Plaintiff, as non-exempt for FLSA purposes.

15. Plaintiff was a non-exempt employee within the meaning of the FLSA throughout her employment with Defendants and was subject to the overtime provisions of the FLSA. Other pharmacy technicians and lead pharmacy technicians employed by Defendants performed similar non-exempt duties and were compensated in a manner similar to Plaintiff.

16. During her employment, Plaintiff regularly worked hours in excess of 40 hours per week for which Defendants failed to compensate her. Plaintiff's supervisors wereaware of the hours Plaintiff worked for which she was not compensated.

17. Plaintiff was deprived of compensation to which she was entitled through Defendants' custom and/or practice of failing to credit pharmacy technicians and lead pharmacy technicians for all hours worked – specifically, Defendants' custom and/or practice of routinely requiring pharmacy technicians and lead pharmacy technicians to perform compensable work "off-the-clock."

18.     As a result of this custom and/or practice, Defendants failed to credit and pay Plaintiff properly for all overtime hours she worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

19.     Defendants have willfully and intentionally failed and/or refused to compensate Plaintiff and other current and former pharmacy technicians and lead pharmacy technicians in accordance with the FLSA.

20.     Plaintiff has retained The Weiner Law Firm LLC to represent her in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

### *Collective Action Allegations*

21.     Numerous current and former employees of Defendants exist who are similarly situated to Plaintiff, were denied proper compensation in violation of the FLSA, and who would benefit from issuance of Court-supervised notice of this lawsuit.  Those similarly-situated current and former employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

22.     Those current and former employees similarly situated to Plaintiff include all individuals employed by Defendants as pharmacy technicians and/or lead pharmacy technicians at any CVS store nationwide who performed work off-the-clock and were not credited and paid properly for all overtime hours worked

during any pay period falling within three chronological years immediately preceding the filing of this Complaint and continuing thereafter through the date on which final judgment is entered in this action.

23. Plaintiff consents to participate in this collective action. Plaintiff's consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

**(Overtime Compensation Due Under 29 U.S.C. § 207)**

24. Plaintiff re-alleges paragraphs 1 through 23 above and incorporates them here by reference.

25. By engaging in the conduct described above, Defendants failed to pay Plaintiff and all similarly-situated individuals at a rate of pay not less than one and one half times their regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

26. Specifically, Defendants failed to compensate Plaintiff and similarly-situated current and former employees for all overtime wages earned through their custom and/or practice of requiring pharmacy technicians and lead pharmacy technicians to perform work off-the-clock without proper compensation, in violation of the FLSA.

27. Defendants' actions in failing to compensate Plaintiff and persons similarly situated in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff and similarly-situated individuals.

28. As a result of Defendants' violation of the FLSA, Plaintiff and all similarly-situated individuals are entitled to recover their unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court award Plaintiff and all similarly-situated individuals:

   i.   damages in the amount of their respective unpaid overtime wages, according to proof, and pursuant to the FLSA;

   ii.  an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

   iii. prejudgment interest;

   iv.  costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

    v.     reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

    vi.    such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: May 24, 2012

                            By: <u>s/ Andrew L. Weiner</u>
                                 Andrew L. Weiner
                                 Georgia Bar No. 808278
                                 THE WEINER LAW FIRM LLC
                                 3525 Piedmont Road
                                 7 Piedmont Center
                                 3rd Floor
                                 Atlanta, GA  30305
                                 (404) 254-0842 (Tel. & Fax)
                                 aw@andrewweinerlaw.com

                                 COUNSEL FOR PLAINTIFF