## SETTLEMENT AGREEMENT AND FULL AND FINAL
## RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is entered into on ___June 28___, 2013 by and between the plaintiff Amber Mack, and opt-ins Shayla Warren, Shequila Warren, and Chetan Bhakta (collectively, "Plaintiffs," and each individually, "Plaintiff"), on behalf of themselves, their agents, representatives, assigns, heirs, executors, beneficiaries, and trustees; and Defendants CVS Caremark Corporation, CVS Pharmacy, Inc., and Georgia CVS Pharmacy, LLC on behalf of themselves, their divisions, affiliates, subsidiaries, predecessors and successors, including, but not limited to, any and all CVS-related entities operating CVS retail pharmacies and their directors, partners, principals, officers, members, fiduciaries, trustees, insurers, employees, attorneys, and agents (collectively "Defendants," "CVS," or the "Company"). CVS and the Plaintiffs are referred to herein as the "Parties."

WHEREAS, the Plaintiffs initiated or opted-into the lawsuit *Mack. v. CVS Caremark Corporation, et al.*, Case No. 12-cv-01808-SCJ (the "Action"), pending in the United States District Court for the Northern District of Georgia (the "Court");

WHEREAS, in the Action, Plaintiffs asserted wage and hour claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, Defendants deny that they have committed any wrongdoing or violated the FLSA, have vigorously disputed the claims asserted in the Action, and assert that they have strong defenses to the claims in the Action, which defenses they believe are meritorious;

WHEREAS, Plaintiffs have accepted a settlement fully and finally resolving any and all claims against Defendants, including but not limited to, alleged unpaid wages, liquidated damages, benefits, any and all other monetary damages of any kind (including but not limited to interest), and other relief of any nature whatsoever arising from the Action;

WHEREAS, the settlement is not an admission of liability nor is Plaintiffs' acceptance of the offer to be construed as an admission that Defendants are or were liable to any individual in any amount;

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, and without admission or finding of liability or wrongdoing on the part of Defendants, such being expressly denied by Defendants, the Parties desire to settle and finally resolve all claims for attorneys' fees, costs, and expenses, including all those arising out of the Action, and those arising out of issues or claims that have been or could have been

Page **1** of **16**

AM (Amber Mack) *all*
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

asserted by Plaintiffs against Defendants in the Action from the beginning of the world through the date of this Agreement;

WHEREAS, the Parties, through their counsel, represent that they have conducted a thorough investigation into the facts relevant to the Action and, having diligently investigated the allegations contained in the Action, believe that the settlement between the Parties is fair, reasonable, adequate, and in the best interests of all in light of all known facts and circumstances, including the considerable expense of discovery and litigation, defenses asserted by CVS, uncertainty of the result through continued litigation and appeal, and the risks of delay and an adverse judgment;

WHEREAS, the Parties have engaged in arms-length negotiations that led to the Parties' agreement on the terms contained herein;

WHEREAS, the Parties have separately negotiated the settlement of attorneys' fees referenced herein; and

WHEREAS, the Parties desire to resolve on the terms set forth herein any and all claims that were or could have been asserted by Plaintiffs against CVS.

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

1.   **No Admission of Liability**. This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of any person or entity, violation of any order, law, statute, duty, or contract whatsoever against any person or entity. Defendants specifically disclaim any liability to Plaintiffs or any other person for any alleged violation of the rights of Plaintiffs or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of Defendants, their related companies, employees, agents, or employees or agents of the related companies.

2.   **Settlement Consideration**.

   a.   Payment to Plaintiff Mack: Within the time and in the manner specified in subsection (f) below, Defendant CVS Pharmacy, Inc. will issue to Plaintiff Mack:

      (i)   a check in the gross amount of Seven Thousand Sixty Three dollars ($7,063.00), representing payment of all claimed wage damages of whatsoever nature, including

Page **2** of **16**

AM (Amber Mack) _dll_
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

without limitation alleged back wages and interest. Two-hundred and fifty dollars ($250.00) of this payment constitutes consideration paid by CVS in exchange for the general release of claims contained herein and the remainder constitutes consideration paid by CVS in exchange for the release of Plaintiff's wage-and-hour claims. This payment is subject to all applicable withholdings and standard payroll deductions, and Defendant CVS Pharmacy, Inc. will issue to Mack a W-2 Form for this payment; and

(ii) a check in the gross amount of Seven Thousand Sixty Three dollars ($7,063.00), representing payment of all claimed liquidated and/or punitive damages of whatsoever nature. Two-hundred and fifty dollars ($250.00) of this payment constitutes consideration paid by CVS in exchange for the general release of claims contained herein and the remainder constitutes consideration paid by CVS in exchange for the release of Plaintiff's wage-and-hour claims. Defendant CVS Pharmacy, Inc. will issue to Mack a Form 1099 for this payment.

b.  Payment to Plaintiff Springfield: Within the time and in the manner specified in subsection (f) below, Defendant CVS Pharmacy, Inc. will issue to Plaintiff Springfield:

(i) a check in the gross amount of Six Thousand One Hundred Eighty Nine dollars ($6,189.00), representing payment of all claimed wage damages of whatsoever nature, including without limitation alleged back wages and interest. Two-hundred and fifty dollars ($250.00) of this payment constitutes consideration paid by CVS in exchange for the general release of claims contained herein and the remainder constitutes consideration paid by CVS in exchange for the release of Plaintiff's wage-and-hour claims. This payment is subject to all applicable withholdings and standard payroll deductions, and Defendant CVS Pharmacy, Inc. will issue to Springfield a W-2 Form for this payment; and

(ii) a check in the gross amount of Six Thousand One Hundred Eighty Nine dollars ($6,189.00), representing payment of all claimed liquidated and/or punitive damages of whatsoever nature. Two-hundred and fifty dollars ($250.00) of this payment constitutes consideration paid by

Page **3** of **16**

AM (Amber Mack) ᘯᒰᒰ
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

770 603 3688                                             04:58:35 p.m.    06-28-2013        4/16

CVS in exchange for the general release of claims contained herein and the remainder constitutes consideration paid by CVS in exchange for the release of Plaintiff's wage-and-hour claims. Defendant CVS Pharmacy, Inc. will issue to Springfield a Form 1099 for this payment.

c.  Payment to Plaintiff Warren: Within the time and in the manner specified in subsection (f) below, Defendant CVS Pharmacy, Inc. will issue to Plaintiff Warren:

(i)  a check in the gross amount of Five Thousand One Hundred Eighty One dollars ($5,181.00), representing payment of all claimed wage damages of whatsoever nature, including without limitation alleged back wages and interest. Two-hundred and fifty dollars ($250.00) of this payment constitutes consideration paid by CVS in exchange for the general release of claims contained herein and the remainder constitutes consideration paid by CVS in exchange for the release of Plaintiff's wage-and-hour claims. This payment is subject to all applicable withholdings and standard payroll deductions, and Defendant CVS Pharmacy, Inc. will issue to Warren a W-2 Form for this payment; and

(ii)  a check in the gross amount of Five Thousand One Hundred Eighty One dollars ($5,181.00), representing payment of all claimed liquidated and/or punitive damages of whatsoever nature. Two-hundred and fifty dollars ($250.00) of this payment constitutes consideration paid by CVS in exchange for the general release of claims contained herein and the remainder constitutes consideration paid by CVS in exchange for the release of Plaintiff's wage-and-hour claims. Defendant CVS Pharmacy, Inc. will issue to Warren a Form 1099 for this payment.

d.  Payment to Plaintiff Bhakta: Within the time and in the manner specified in subsection (f) below, Defendant CVS Pharmacy, Inc. will issue to Plaintiff Bhakta:

(i)  a check in the gross amount of Three Thousand Seven Hundred Ninety Four dollars ($3,794.00), representing payment of all claimed wage damages of whatsoever nature, including without limitation alleged back wages and

AM (Amber Mack) _____
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

interest.  Two-hundred and fifty dollars ($250.00) of this payment constitutes consideration paid by CVS in exchange for the general release of claims contained herein and the remainder constitutes consideration paid by CVS in exchange for the release of Plaintiff's wage-and-hour claims.  This payment is subject to all applicable withholdings and standard payroll deductions, and Defendant CVS Pharmacy, Inc. will issue to Bhakta a W-2 Form for this payment; and

(ii) a check in the gross amount of Three Thousand Seven Hundred Ninety Four dollars ($3,794.00), representing payment of all claimed liquidated and/or punitive damages of whatsoever nature.  Two-hundred and fifty dollars ($250.00) of this payment constitutes consideration paid by CVS in exchange for the general release of claims contained herein and the remainder constitutes consideration paid by CVS in exchange for the release of Plaintiff's wage-and-hour claims.  Defendant CVS Pharmacy, Inc. will issue to Bhakta a Form 1099 for this payment.

e.  **Payment of Attorneys' Fees, Costs, and Expenses:**  Within the time and in the manner specified in subsection (f) below, Defendant CVS Pharmacy, Inc. will issue a check to Plaintiffs' counsel (The Weiner Law Firm, LLC) a payment in the gross amount of Ninety Thousand dollars ($90,000.00).  This amount represents payment of all claimed attorneys' fees, costs, and expenses.  Defendant CVS Pharmacy, Inc. will issue a 1099 to The Weiner Law Firm, LLC for this payment.

f.  **Timing and Manner of Payment:**  Within seven (7) business days after (1) Plaintiffs and Plaintiffs' counsel sign and deliver the original executed Agreement and a stipulation of dismissal with prejudice referenced in Section (3) below to Defendants' counsel, and (2) the Court's approval of this Agreement and entry of the stipulation of dismissal, Defendant CVS Pharmacy, Inc. shall issue the checks described herein.  Plaintiffs' counsel shall be responsible for distributing the checks to Plaintiffs.

g.  It is confirmed and acknowledged between the Parties that money paid to Plaintiffs pursuant to Section 2(a) through 2(d) represents settlement of Plaintiffs' claims regarding wages they are alleged to have earned while employed at CVS and consideration for the releases and other promises, representations, and warranties

Page **5** of **16**

AM (Amber Mack) _AM_
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

contained in this Agreement (in the amounts described in Paragraph 2).

3.  **Dismissal with Prejudice.**  Contemporaneous with Plaintiffs' and Plaintiffs' counsel's execution and return of this Agreement, Plaintiffs and Plaintiffs' counsel shall execute and return to Defendants' counsel a stipulation of dismissal with prejudice of the Action, which Defendants shall file upon the Court's approval of this Agreement and Defendant CVS Pharmacy, Inc.'s issuing the checks described herein.

4.  **Complete Release by Plaintiffs**.

  a.  **Claims Released by Plaintiffs**:  Plaintiffs irrevocably and unconditionally release all the claims described herein that they had or may now have from the beginning of time until the date of this Agreement against the Released Parties listed in Section 4(c), except that they are not releasing any claim that relates to: (1) the right to enforce this Agreement, (2) any rights or claims that arise after signing this Agreement, and (3) any rights or claims that cannot lawfully be released.  Subject only to the exceptions just noted, Plaintiffs are releasing all known and unknown claims, promises, causes of action, or similar rights of any type that they had or may have ("Released Claims") with respect to any Released Party listed in Section 4(c).  Plaintiffs understand that the Released Claims they are releasing might arise under many different laws (including statutes, regulations, other administrative guidance, and common law doctrines), such as, but not limited to, the following:

> Federal and state laws governing payment of wages, such as the Fair Labor Standards Act of 1938, as amended, as well as any state or local law (both statutory and common law) pertaining or related to hours of work, meal breaks, payment of wages, compensation, overtime pay, damages, interest, and/or penalties including without limitation all claims that were asserted or could have been asserted in the Action based on the allegations in the Action, regarding events that occurred or are alleged to have occurred regarding Plaintiffs' employment with CVS.

> Anti-retaliation and discrimination statutes, such as Title VII of the Civil Rights Act of 1964, which prohibits discrimination and harassment based on race, color, national origin, religion, and sex and prohibits retaliation; the Equal Pay Act, which prohibits paying men and women unequal pay for equal work; the Americans With

AM (Amber Mack) _AM_
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

Disabilities Act and Sections 503 and 504 of the Rehabilitation Act of 1973, which prohibit discrimination based on disability and retaliation; Sections 1981 and 1983 of the Civil Rights Act of 1866, which prohibit discrimination and harassment on the basis of race, color, national origin, religion or sex and retaliation; and any other federal, state, or local laws prohibiting retaliation or employment discrimination.

Federal employment statutes, such as the Employee Retirement Income Security Act of 1974, which, among other things, protects employee benefits; the Family and Medical Leave Act of 1993, which requires employers to provide leaves of absence under certain circumstances; the WARN Act, which requires that advance notice be given of certain work force reductions; and any other federal laws relating to employment, such as veterans' reemployment rights laws.

Other laws, such as any federal, state, or local laws governing payment of wages, or otherwise regulating employment; any federal, state, or local law enforcing express or implied employment contracts or requiring an employer to deal with employees fairly or in good faith; invasion of privacy, physical or personal injury, emotional distress, fraud, negligence, negligent misrepresentation, defamation, abusive litigation, improper garnishment, assignment, or deduction from wages, health and/or safety violations, improper drug and/or alcohol testing, and/or any other common law or statutory causes of action.

Examples of Released Claims which may have accrued include, but are not limited to, the following (except to the extent explicitly preserved by Section 4(a) of this Agreement): (i) claims that in any way relate to Plaintiffs' employment with any Released Party such as claims for compensation, including wages, overtime compensation, liquidated damages, interest and/or penalties, benefits of any kind, or unused accrued vacation or sick pay; (ii) claims that in any way relate to allegations of alleged personal or physical injury or retaliation; (iii) claims that in any way relate to any state law tort or contract causes of action; (iv) claims for attorneys' fees, expenses or costs arising out of the Action.

Page <strong>7</strong> of <strong>16</strong>

AM (Amber Mack) _Am_
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

770 603 3688

05:01:11 p.m.    06-28-2013       8/16

b.    The foregoing release shall be construed in the broadest sense possible and shall be effective as a prohibition to all claims, charges, actions, suits, demands, obligations, damages, injuries, liabilities, losses, and causes of action of every character, nature, kind or description, known or unknown, and suspected or unsuspected that Plaintiffs may have against the Released Parties.

Plaintiffs acknowledge that Plaintiffs may later discover facts different from or in addition to those facts now known to them or believed by them to be true with respect to any or all of the matters covered by this Agreement, and Plaintiffs agree that this Agreement nevertheless shall remain in full and complete force and effect.

c.    **Released Parties:** The "Released Parties" are CVS Defendants and all of their predecessors, successors, current, future and former parents, subsidiaries, affiliates, related companies, partnerships, investors, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, plans, trustees, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subsection, and their successors. Any individual person or entity included in the Released Parties shall be referred to individually as a "Released Party."

d.    **Unknown Claims:** Plaintiffs understand that they are releasing the Released Parties from Released Claims that they may not know about. That is their **knowing and voluntary intent**, even though they recognize that someday they might learn that some or all of the facts they currently believe to be true are untrue and even though they might then regret having signed this Agreement. Nevertheless, Plaintiffs are assuming that risk and agree that this Agreement shall remain effective in all respects in any such case. Plaintiffs expressly waive all rights they might have under any law that is intended to protect them from waiving unknown claims. Plaintiffs understand the significance of doing so.

5.    **Confidentiality.**

a.    The Parties and their respective counsel agree that they will keep all settlement negotiations and/or communications leading up to the execution of this Agreement strictly confidential and will not publicize, discuss, disclose, or in any way convey any such

Page 8 of 16

AM (Amber Mack) _All_
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

information in any manner, whether in writing, orally, or electronically (including online, web or internet postings, pages, and blogs) to anyone not a Plaintiff, unless compelled by law, except that Plaintiffs may disclose the existence of this Agreement or any of its terms to their attorneys, tax or financial advisors, and immediate families. Plaintiffs' counsel cannot use the settlement of this lawsuit for any marketing or advertising purposes to other prospective clients. Plaintiffs' counsel's websites, any marketing or social media materials created or used by Plaintiffs' counsel, and any other statements to third parties (including members of the legal media) by members of Plaintiffs' counsel's law firm shall refer only to the fact of their representation of Plaintiffs regarding federal wage and hour claims in the action captioned *Mack v. CVS Caremark Corp., et al.*, 12-cv-01808 (N.D.G.A.).

b.      The website at http://wwwcvsofftheclock.com/ and any other websites regarding this lawsuit owned, operated, or managed by Plaintiffs' counsel shall be deactivated and not reactivated. All such changes to Plaintiffs' counsel's websites and/or marketing and social media materials to conform to this Agreement shall be made within seven (7) days of the Plaintiffs and Plaintiff's counsel signing this Agreement.

c.      Each Plaintiff represents that he or she has not, prior to signing this Agreement, disclosed any of the terms of this Agreement, and further agrees to keep the terms and provisions of this Agreement strictly confidential and not disclose its terms and provisions, except as provided in Section 5(a). Without the express written agreement of Defendants, or unless required to do so by law, each Plaintiff and Plaintiffs' counsel agrees never to disclose the terms or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, except as provided in Section 5(a) Any such disclosure to persons identified in Section 5(a) will be made only if the relevant person must have such information for the performance of his or his responsibilities. To the extent required by law or applicable regulation, Plaintiffs and Plaintiffs' counsel may also disclose the provisions of this Agreement to the appropriate taxing authorities or to the Court (making appropriate efforts to provide such information to the Court *in camera* or under seal) should enforcement of this Agreement be required. The Parties agree that any such claim for enforcement shall be brought in the United States District Court for the Northern District of Georgia and further agree that, if any Plaintiff is the initiating party, prior to filing any action or motion to enforce the

AM (Amber Mack) _au_
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

Agreement, Plaintiff will give Defendants' counsel written notice (by e-mail and First-Class mail to James J. Swartz, Jr. of Rafuse Hill & Hodges LLP) and ten days to cure. This confidentiality provision applies to and expressly prohibits all communications to any person or entity including, without limitation, communications to any present or former employee of any Released Party. Each Plaintiff and Plaintiffs' counsel agree that if questioned about this settlement, the disposition of Claims or the Action, or any other information made confidential by this provision, he or she will only say: "The case is closed." Nothing in this Agreement shall preclude a Plaintiff from providing truthful testimony under oath in response to a valid and lawful subpoena.

6.    **Court Approval**. The Parties will seek Court approval of the Agreement. Plaintiffs agree to cooperate in obtaining such approval, but taking all steps to maintain confidentiality (which may include filing any agreement *in camera* or under seal). The Parties agree that they will submit for approval the Agreement to the Court *in camera* if necessary (or under seal if required to be filed) and recommend to the District Court approval of the Agreement. If the Court does not permit the Parties to submit the Agreement *in camera* or under seal, in whole or in part, Plaintiffs and Plaintiffs' counsel still agree to abide and be bound by the confidentiality provisions set forth in Section 5 of this Agreement.

7.    **Destruction of Documents**. Plaintiffs and Plaintiffs' counsel agree to destroy and/or delete all documents and copies of documents received from Defendants or from Defendants' counsel during the course of the Action (except for pleadings, all other matters filed as of court record, and any records required to be maintained by Plaintiffs' counsel pursuant to the record-keeping provisions of the Georgia Rules of Professional Conduct). This includes, without limitation, all such materials maintained in electronic storage devices or media, such as CDs or DVDs, computer hard drives, portable memory devises (flash drives), or web-based storage systems. Within three (3) business days of the Court dismissing the Action with prejudice, Plaintiffs' counsel and Plaintiffs shall certify in writing to Defendants' counsel that destruction or deletion of all such materials has been completed and that they did not and have not provided copies to anyone.

8.    **Counterparts**. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, with the same effect as if all parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together, shall

Page **10** of **16**

AM (Amber Mack) _____
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

770 603 3688

constitute one and the same instrument, and shall be considered confidential in accordance with the terms of Section 5 of this Agreement.

9. **Governing Law**. This Agreement shall be construed and interpreted in accordance with the laws of the State of Georgia, without giving effect to any internal conflict or choice of laws rules.

10. **Severability**. Should any part of this Agreement be found to be illegal or in conflict with any law, or otherwise rendered unenforceable or ineffectual, the remaining parts of this Agreement shall be deemed severable and shall remain in effect so long as the remaining parts continue to constitute in substance the agreement that the Parties intended to enter.

11. **Non-Assignment**. Plaintiffs agree that they have not and will not assign this Agreement, any part of this Agreement, or any rights arising under this Agreement, to any person or entity. Plaintiffs further represent and warrant that, as of the effective date of this Agreement, the Released Claims have not been sold, assigned, or transferred, in whole or in part, to any other person or entity.

12. **No Adverse Construction**. It is acknowledged that the Parties, with the assistance of competent counsel, have all participated in the drafting of this Agreement. The Parties agree that this Agreement has been negotiated at arms' length by persons of equal bargaining power, each of whom was represented by competent counsel of his, her, or its own choosing. Neither Plaintiffs nor Defendants shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

13. **No Rehire**. Plaintiffs agree that they will not seek or accept employment or independent contractor work with Defendants or any of the Released Parties from the execution date of this Agreement going forward. Plaintiffs further agree that, in the event that any one of them is ever employed by any company that is acquired by Defendants or any of their parents, subsidiaries, divisions, or affiliate corporations, that Plaintiff(s) shall resign from said employment immediately upon the acquisition, and that should Plaintiff(s) fail or refuse to do so, Defendants may terminate Plaintiff(s)'s employment and Plaintiff(s) shall have no recourse against Defendants or their parents, subsidiaries, divisions or affiliate corporations.

14. **Consideration of Release**. Each Plaintiff represents and warrants that (1) he or she is entering into this Agreement knowingly, and voluntarily, free

Page **11** of **16**

AM (Amber Mack) _d_ _ll_
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

from fraud, duress, coercion, or mistake of fact; (2) this Agreement is in writing and is understandable; (3) this Agreement explicitly waives current claims; (4) this Agreement does not waive future claims; (5) he or she is being paid something to which he or she was not already entitled; (6) Defendants advised him or her in writing to consult an attorney at his or her own expense; (7) Defendants gave him or her reasonable time to consider his or her release of claims; and (8) Plaintiffs, through counsel, negotiated the terms of this Agreement.

15. **Payment of Applicable Taxes**. Plaintiffs are and shall be solely responsible for all federal, state, and local taxes that may be owed by them by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Plaintiffs agrees to indemnify and hold Defendants harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Plaintiffs under this Agreement.

16. **Employee Medicare Declaration**. Each Plaintiff declares under the pains and penalties of perjury that: (1) he or she is not currently entitled to Medicare; and (2) none of the treatment (if any) he or she received for any injury or injuries claimed in this lawsuit, or related to the incident(s) giving rise to this lawsuit, or released in this agreement were or will be submitted to, or paid for by, Medicare.

17. **Entire Agreement**. This Agreement constitutes the entire, complete, and integrated statement of each and every term and provision agreed to by and between the Parties and is not subject to any condition not provided for herein. This Agreement supersedes any prior representations, promises, or warranties (oral or otherwise) made by the Parties, and neither Plaintiffs nor Defendants shall be liable or bound to the other for any prior representation, promise, or warranty (oral or otherwise) except for those expressly set forth in this Agreement. This Agreement shall not be modified or canceled in any respect except by a writing executed by the Parties.

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR AT YOUR OWN EXPENSE.

Page **12** of 16

AM (Amber Mack) _QLL_
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

770 603 3688

**[SIGNATURES FOLLOW]**

Page **13** of **16**

AM (Amber Mack) _αll_
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

IN WITNESS WHEREOF, the Parties each voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

## PLAINTIFFS

**AGREED AND ACCEPTED:**          **AGREED AND ACCEPTED:**

_____     _____
Amber Mack                           Shequila Warren

Date: _____       Date: _____

**AGREED AND ACCEPTED:**          **AGREED AND ACCEPTED:**

_____     _____
Shayla Springfield                  Chetan Bhakta

Date: _____       Date: _____

Page **14** of **16**

AM (Amber Mack) _____
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

IN WITNESS WHEREOF, the Parties each voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

## PLAINTIFFS

**AGREED AND ACCEPTED:**                    **AGREED AND ACCEPTED:**

_____            _____
Amber Mack                                 Shequila Warren

Date: _____            Date: _____

**AGREED AND ACCEPTED:**                    **AGREED AND ACCEPTED:**

_____            _____
Shayla Springfield                         Chetan Bhakta

Date: __7|1|13_____            Date: _____

Page 14 of 16

AM (Amber Mack) _____
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

IN WITNESS WHEREOF, the Parties each voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

## **PLAINTIFFS**

**AGREED AND ACCEPTED:**

_____
Amber Mack

Date: _____

**AGREED AND ACCEPTED:**

_____
Shequila Warren

Date: _10 -28-13_

**AGREED AND ACCEPTED:**

_____
Shayla Springfield

Date: _____

**AGREED AND ACCEPTED:**

_____
Chetan Bhakta

Date: _____

AM (Amber Mack) _____
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

IN WITNESS WHEREOF, the Parties each voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

## PLAINTIFFS

**AGREED AND ACCEPTED**:                    **AGREED AND ACCEPTED**:

_____            _____
Amber Mack                                  Shequila Warren

Date: _____            Date: _____

**AGREED AND ACCEPTED**:                    **AGREED AND ACCEPTED**:

_____            _____
Shayla Springfield                          Chetan Bhakta

Date: _____            Date: _6 - 28 - 13_____

Page **14** of 16

AM (Amber Mack) _____
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

# PLAINTIFFS' COUNSEL

**AGREED AND ACCEPTED:**

Andrew L. Weiner
Georgia Bar No. 808278
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center
3rd Floor
Atlanta, GA 30305

Date: ___6/28/13___

Page **15** of **16**

AM (Amber Mack) _____
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

## PLAINTIFFS' COUNSEL

**AGREED AND ACCEPTED:**

Andrew L. Weiner
Georgia Bar No. 808278
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center
3rd Floor
Atlanta, GA 30305

Date: _____7/1/13_____

Page **15** of **16**

AM (Amber Mack) _____
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

## PLAINTIFFS' COUNSEL

**AGREED AND ACCEPTED:**

_____

Andrew L. Weiner
Georgia Bar No. 808278
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center
3rd Floor
Atlanta, GA 30305

Date: _____6/28/13_____

AM (Amber Mack) _____
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____

## PLAINTIFFS' COUNSEL

AGREED AND ACCEPTED:

Andrew L. Weiner
Georgia Bar No. 808278
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center
3rd Floor
Atlanta, GA 30305

Date: _6/28/13_

Page **15** of **16**

AM (Amber Mack) _____
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _CB_

## DEFENDANTS CVS CAREMARK CORPORATION, CVS PHARMACY, INC., AND GEORGIA CVS PHARMACY, LLC

AGREED AND ACCEPTED:

_____

David M. Jaffe

Title:  Senior Legal Counsel – Employment
and Labor Law

Date:  June 28, 2013

Page **16** of **16**

AM (Amber Mack) _____
SS (Shayla Springfield) _____
SW (Shequila Warren) _____
CB (Chetan Bhakta) _____